# DECISIONS IN CASES NOT REPORTED.

## FOURTH DEPARTMENT, JULY TERM, 1894.

Richard L. Austin, Respondent, v. Fonda Lake Paper Company and Others, Appellants.— Order affirmed.

Esther Y. McCarthy, Respondent, v. Eugene McCarthy, Appellant.

Esther Y. McCarthy, Respondent, v. Eugene McCarthy and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements.

Mary E. Becraft, as Administratrix, etc., Respondent, v. The New York Central and Hudson River Railroad Company, Appellant. — Judgment and order affirmed, with costs.

Ellis H. Roberts & Co., Plaintiff, v. Patrick F. Bulger, Assignee, etc., Respondent; George W. Vietor and Others, Appellants.— Order so far as appealed from reversed as to the appellants, with ten dollars costs and disbursements, without prejudice to an application by the assignee for an allowance for expenses incurred.

Harvey Joyce, Appellant, v. The Rome, Watertown and Ogdensburg Railroad Company, Respondent.— Judgment and order reversed and a new trial ordered, with costs to abide the event.—

PER CURIAM: Under the ruling in *Bailey* v. *Rome, W. & O. R. R. Co.* (139 N. Y. 302) the duty rested upon the defendant to cause a proper inspection of the cars before they left Oswego. There was evidence tending to show that the appliances for coupling were defective; that there was an improper play of the drawhead of from one to three inches. Whether this contributed to the injury, and whether it existed when the train left Oswego and might by proper inspection have been discovered and remedied, were questions of fact for the jury. So was the question of contributory negligence. (See *Goodrich* v. *N. Y. C. & H. R. R. R. Co.*, 116 N. Y. 398, 404; *Ellis* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 546.) We think the case should have been submitted to the jury. Judgment and order reversed and new trial ordered, costs to abide the event. Present — Hardin, P. J., Martin and Merwin, JJ.

Ira C. Blasier, Appellant, v. The New York Central and Hudson River Railroad Company, Respondent.— Judgment affirmed, with costs.

## THIRD DEPARTMENT, JULY TERM, 1894.

Frank H. Pettee v. Mary H. Pettee.— Motion for leave to go to the Court of Appeals denied, with ten dollars costs. No opinion.

The Ludlow Valve Manufacturing Company, Appellant, v. The New York City District Water Supply Company and Moses Crow, Respondents.— Order affirmed, with ten dollars costs and printing and other disbursements. No opinion.

Arthur R. Peck, Appellant, v. Johanna Dieterich and Another, as Executors, etc., Respondents.— Judgment affirmed, with costs.—
MAYHAM, P. J.: While the order for the cash register, signed by the defendant, referred to a sample machine exhibited to him at the time of signing the same, it also contained a provision that the register was to be delivered in good working condition. There was evidence before the jury from which they could reasonably find that that provision of the order was not complied with. The jury having reached that conclusion by their verdict, we think the County Court was right in affirming the judgment entered upon this verdict, within section 3063 of the Code of Civil Procedure. Judgment affirmed, with costs. Putnam and Herrick, JJ., concurred.

M. Francis Wager, Respondent, v. Thomas B. Link and Others, Appellants.— Judgment affirmed, with costs.—
HERRICK, J.: The decision of the Court of Appeals (134 N. Y. 126) upon the former appeal in this action, it seems to me, disposes of all there is in this case. The case is the same in all essential particulars now as it was when it was before the court before. The judgment should be affirmed. Mayham, P. J., and Putnam, J., concurred.

Stephen Smith, as Executor, and Kathleen Ryder, as Executrix of the Last Will and Testament of Erastus D. Culver, Deceased, Appellants, v. The Town of Greenwich, Respondent. (No. 2.) — Judgment affirmed, with costs.

John T. Williams, Respondent, v. Calvin Dater, Appellant,— Judgment affirmed, with costs. No opinion.

In the Matter of the Voluntary Dissolution of the National Electric Manufacturing and Construction Company of New York.— Order affirmed, with ten dollars costs and printing and other disbursements. No opinion.

Herbert Waring, Appellant, v. The President, Managers and Company of the Delaware and Hudson Canal Company, Respondent.— Judgment affirmed, with costs. No opinion.

Hiram Tompkins, Respondent, v. Cornelius Sheehan, Appellant.— Reargument ordered. No opinion.

Catherine A. Garlock, Respondent, v. Valentine O. Garlock, Appellant.— Order affirmed, with ten dollars costs and printing and other disbursements.—
MAYHAM, P. J.: On a careful examination of the record on this motion, we can find no legal ground for reversal of the order made at the Special Term, from which this appeal is taken. Order affirmed, with ten dollars costs and printing disbursements. Putnam and Herrick, JJ., concurred.

In the Matter of Proving the Last Will, etc., of William O'Brien and the Judicial Settlement of the Accounts of Thomas O'Brien and Others, as Executors, etc.— Decree affirmed, without costs. No opinion.

Philemon Heath, as Administrator, Appellant,

80htf) 602
59ad134

v. The Agalite Fibre Company, Respondent.— Judgment affirmed, with costs. ·No opinion.

Susan B. Jones, Respondent, v. Industrial Benefit Association, Appellant.— Judgment affirmed, with costs. No opinion.

In the Matter of the Application for an Order Directing Isaac Le Roy to Deliver Books, etc.— Order affirmed, with ten dollars costs and printing and other disbursements. Herrick, J., not acting. No opinion.

Otis A.. Teft, Appellant, v. John Donnelly, Respondent.— Judgment affirmed, with costs. No opinion.

Warren Dake, Appellant, v. Prescott Hall Butler, Respondent.— Judgment affirmed, with costs. No opinion.

Mary C. Harris, Plaintiff, v. James H. Kenyon and Ellen M. Kenyon, Defendants.— Order affirmed, with ten dollars costs and printing and other disbursements. No opinion.

Durward E. Burchell, Respondent, v. James E. Green 2d, and Others, Appellants.— Judgment affirmed, with costs. No opinion.

John Kiernan, Respondent, v. The Dutchess County Mutual Insurance Company, Appellant.— Judgment affirmed, with costs.—
HERRICK, J.: The most serious question raised upon this appeal 'is upon the admissibility of a chattel mortgage in evidence. It is contended that the mortgage is a forfeiture of the policy, either entirely or in part. It seems to me that the forfeiture was waived by the acts of the defendant. Right after the fire the president of the company visited the scene of the fire and inspected the ruins, conversed with the plaintiff, and it was after that that the plaintiff with the defendant's agent made an arrangement for an appraisal, and an appraisal was made. Proofs of loss were also subsequently put in and accepted by the defendant. It seems to me that these acts constitute a waiver. (*Brink v. Hanover Fire Ins. Co.,* 80 N. Y. 108; *Titus v. Glens Falls Ins. Co.,* 81 id. 410; *Roby v. A. C. Ins. Co.,* 120 id. 510; *Trippe v. P. F. Society,* 140 id. 23.) The effect of the chattel mortgage as a forfeiture having been waived, the defendant was not injured by the court not receiving it in evidence. I see no occasion for an opinion. The judgment should be affirmed, with costs. Mayham, P. J., and Putnam, J., concurred.

John S. Cronin v. Johanna C. Crooks.— Order amended by adding at the end thereof, after the words "printing disbursements," the following: "Upon the ground that the provisions of section 631 of the Code of Civil Procedure are mandatory, and that no ground was stated in said warrant of attachment for the granting of the same, for the reason that the statement in the alternative stated, neither one fact or the other, and for that reason the order should be affirmed." · No opinion. Herrick, J., not acting.

Maria Ives v. The Metropolitan Life Insurance Company.— Motion for leave to go to the Court of Appeals granted. No opinion.

Solomon Fleischman and Others, Respondents, v. Gertrude Fleischman and Others, Appellants.— Order modified by striking out the provision therein giving the plaintiffs costs against the defendants, and by inserting a provision requiring the plaintiffs to pay defendants costs up to the time of the discontinuance, and with ten dollars costs of this appeal, together with the printing and other disbursements. Opinion *Per Curiam.* Not published by direction of the court.

---

## SECOND DEPARTMENT, JULY TERM, 1894.

The People of the State of New York ex rel. John Koch v. The Board of Excise of Town of North Castle.— Order affirmed. No opinion. Dykman, J., not sitting.

Keturah Willdigg, as Administratrix, etc., of William Willdigg, Deceased, Respondent, v. The City of Brooklyn, Appellant, Impleaded with Another.— Judgment and order affirmed, with costs.—
DYKMAN, J.: While this is a border case, it is yet one in which different minds would reach diverse conclusions. The facts proven leave the case in some obscurity, but the legitimate inferences which a jury would be permitted to draw from the established facts are sufficient to sustain the verdict. The defendant Leucke, being the owner of premises fronting on Broadway in the city of Brooklyn, being desirous of improving the same, procured permission from the city of Brooklyn to make an excavation under the sidewalk in front of his lot for the purpose of constructing a vault. After the issuance of the permit, Leucke removed the sidewalk, made an excavation and erected over it a temporary bridge about three feet above the surface and covering the entire width thereof. The bridge was completed on the 18th day of September, 1892. There was testimony which tended to show that the floor of the bridge was loose in some places, and sprung under the feet of passengers; that there was no diagonal railing down the steps from the horizontal railing to the sidewalk, and that the railing on the sides was not strong. At the end of the platform where the deceased was found there was a step from the sidewalk composed of two large blocks about eight or ten inches high, and then there was a step about twenty inches high to the top of the platform. One witness said that there was a space of two inches between the ends of the board and the upper step and that those boards which ran lengthwise of the bridge gave under the weight of a person passing over them. The deceased man was about sixty-five years of age, healthy, sober and industrious. On the night of September 24, 1892, he left Beck's saloon a little after twelve o'clock at night, and was found about twelve-twenty or thirty at the end of the bridge nearest his home and furthest from Beck's. His body was lying parallel with the sidewalk, with his feet about eighteen inches from the foot of the platform and his head under some flagstones which had been piled up on the sidewalk a short distance from the platform. His skull was crushed and he was unconscious and remained so until he died, a few days thereafter. The hand rail on the outer or street side of the platform was broken, and a brace from the top of that rail to a cross plank was loose. This action is brought by the administratrix of the deceased against the city and Leucke, and the plaintiff had a verdict against both, and the defendant, the city of Brooklyn, has appealed from the judgment entered thereon. The duties and obligations of the landowner and of the city were plainly and correctly stated to the jury by the trial judge. The position of the deceased man when he was found is significant of much. He was at the end of the bridge nearest his home and furthest from Beck's saloon. From this, in connection with other estab-